# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

TIMOTHY ALLEN                                                             PLAINTIFF

VERSUS                                         CIVIL ACTION NO. 2:19-cv-30-KS-MTP

LYONS & FARRAR, P.A., *et al.*                                 DEFENDANTS

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion [74] to Enforce Waiver or in the alternative Enlargement of Time to Serve Defendants. Plaintiff filed this action on February 20, 2019. Compl. [1]. On April 5, 2019, Plaintiff received a letter from counsel for Defendant Samuel T. Adams representing that if Plaintiff would amend his Complaint to properly name Samuel T. Adams as an individual and not a professional association, Defendant Adams would accept and waive service of process in accordance with Federal Rule of Civil Procedure 4(d). *See* Mot. [74], Ex. 1.

Plaintiff amended his Complaint on May 30, 2019. Adams has yet to appear or file an answer. Plaintiff now seeks this Court to accept the letter dated April 5, 2019 as a waiver of service or to extend the time to serve process on Adams.

The Court does not find that the letter prepared by Adams's counsel constitutes a waiver of service based on the limited record. Plaintiff has not provided any legal authority for this position.[1] While Plaintiff appears to have relied on the representations of Adams's counsel in good faith, the Court cannot accept the April 5 letter as a substitute for waiver of service.

---

[1] The Court, likewise, did not find authority for this position. *US Bank Nat. Ass'n v. Budnick*, 626 Fed. App'x 438 (5th Cir. 2015) addresses a similar service of process quandary but it is not entirely applicable here. In *Budnick*, the defendants proactively contacted counsel for the plaintiff and agreed to waive service in exchange for more time to file an answer. When the time to answer had expired, the plaintiff obtained a default judgment against the defendants. The Fifth Circuit held that Rule 4(d) did not apply in that scenario because the defendants, on their own initiative, agreed to waive service. Whereas

1

As alternative relief, Plaintiff requests that the Court grant him another thirty (30) days to serve Adams. If a plaintiff does not serve a defendant within 90 days of filing the complaint, the court must dismiss the action without prejudice or order that the defendant be served within a specified time. Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. The Court finds that there is good cause to grant the alternative relief by extending the time for service in this matter. Plaintiff should not be penalized for relying on the representations of Adams's counsel.[2]

IT IS, THEREFORE, ORDERED that Plaintiff's Motion [74] is GRANTED IN PART and DENIED IN PART as set forth above. The deadline to serve process on Defendant Adams and file proof thereof with the Court is extended to **September 30, 2019**.

SO ORDERED, this the 28th day of August, 2019.

s/Michael T. Parker
United States Magistrate Judge

---

here, Adams agreed to waive service specifically under Rule 4(d), which presumes that Plaintiff needed to send a waiver and file it with the Court.

[2] Under the guise of a pleading filed by another party, Adams's counsel explains that Plaintiff did not forward the waiver until just recently and that Adams apparently has yet to decide whether he will waive process as agreed. Perhaps he can still do so, but given the delay already encountered and the inability of the parties to communicate, confer, or agree on such matters, a deadline for service should be set.