# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**TIMOTHY ALLEN**                                                        **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 2:19-CV-30-KS-MTP**

**LYONS & FARRAR, P.A.,** *et al.*                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **denies** Defendant Vaksman Law Offices, P.C.'s Motion to Strike [78] and Motion to Dismiss or Compel Arbitration [70].

### I. BACKGROUND

This is a legal malpractice case, and the Court explained its background in a previous opinion. Defendant Vaksman Law Offices, P.C. filed a Motion to Dismiss or Compel Arbitration [70], which the Court now addresses.

### II. MOTION TO STRIKE [78]

On August 22, 2019, Plaintiff filed a Motion for Leave to File [70] a supplemental response to Vaksman's Motion to Dismiss [60]. Plaintiff attached a copy of the proposed supplemental brief, which only included argument on his claim for emotional damages. The Court granted the motion via text order on August 23, 2019. That same day, Plaintiff filed a supplemental brief [72], but it was different than the proposed brief attached to his motion. Plaintiff included an additional argument on Mississippi's discovery rule. A week later, Vaksman filed a Motion to Strike [78] the supplemental brief because it varied from the one Plaintiff sought leave to file.

The Court **denies** Vaksman's Motion to Strike [78]. Vaksman is correct that Plaintiff should have sought leave before adding extra arguments to the supplemental brief. The Court advises Plaintiff's counsel to be more mindful of such matters in the future. However, the Court would have granted leave if Plaintiff had sought it. Moreover, Vaksman had an opportunity to reply. Therefore, it will not be prejudiced by the Court's consideration of the supplemental brief.

### III. MOTION TO DISMISS OR COMPEL ARBITRATION [60]

*A.    12(b)(6) Standard of Review*

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). In addition to the well-

pleaded factual allegations of the complaint, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

## B.   *Choice of Law*

Vaksman argues that New York law applies to Plaintiff's claims against it because of a choice-of-law provision in Plaintiff's retainer agreement. A federal court sitting in diversity is bound to follow the substantive law of the forum state, including that state's choice-of-law rules. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941). Under Mississippi law, Courts must "give effect to an express agreement that the laws of a specified jurisdiction shall govern, particularly where some material element of the contract has a real relation to, or connection with, such jurisdiction. The intention of the parties as to the law governing [the transaction] will be respected in the absence of anything violating the public policy of the forum jurisdiction." *Miller v. Fannin*, 481 So. 2d 261, 262 (Miss. 1985).

The parties' purported retainer agreement provides that "the laws of the State of New York . . . will apply to resolve any" dispute "arising out of or relating to [the] engagement letter, or the breach thereof . . . ." Exhibit 1 to Motion to Dismiss at 3-4, *Allen v. Lyons & Farrar, P.A.*, No. 2:19-CV-30-KS-MTP (S.D. Miss. July 15, 2019), ECF No. 60-1. However, Plaintiff denies having ever signed such an agreement, and he claims that his signature was forged. Exhibit 1 to Response at 1, *Allen v. Lyons &*

3

*Farrar, P.A.*, No. 2:19-CV-30-KS-MTP (S.D. Miss. Aug. 12, 2019), ECF No. 65-1. In reply, Defendant presented evidence that Plaintiff electronically signed the agreement. Exhibits 1 and 2 to Reply, *Allen v. Lyons & Farrar, P.A.*, No. 2:19-CV-30-KS-MTP (S.D. Miss. Aug. 19, 2019), ECF Nos. 69-1, 69-2.

The exhibits attached to Defendant's reply are far afield of the typical 12(b)(6) standard of review. Regardless, at this stage of the case, the Court must construe the facts in the light most favorable to Plaintiff. *Great Lakes Dredge & Dock*, 624 F.3d at 210. Plaintiff denies having executed the retainer agreement attached to Defendant's motion, and a 12(b)(6) motion is not the appropriate mechanism to resolve that dispute. Therefore, the Court presently declines to enforce the agreement's choice-of-law provision.

## *C.  Statute of Limitations*

Alternatively, Defendant argues that Plaintiff's claims are barred by the applicable statute of limitations under Mississippi law. "The three-year statute of limitations found in Mississippi Code Section 15-1-49 applies to actions for legal malpractice." *Bradley v. Johnson*, 182 So. 3d 439, 440 (Miss. 2016), *overruled on other grounds by Trigg v. Farese*, 266 So. 3d 611, 626 (Miss. 2018). Mississippi applies "the discovery rule for [civil] legal malpractice actions, holding that the statute of limitations would begin to run at the time the client discovered or through the use of reasonable diligence should have discovered his counsel's negligence." *Id.* at 440-41.

Vaksman argues that the Florida Defendants' knowledge about the claims

4

process was imputed to Plaintiff because an attorney's knowledge is imputable to the client when the rights of third parties are involved. *See Bennett v. Hill-Boren, P.C.*, 52 So. 3d 364, 370 (Miss. 2011). Vaksman assumes that the Florida Defendants knew everything that Vaksman had done or failed to do because the United States District Court for the Eastern District of Louisiana ordered that all claimants would have access to their prior submissions to the Gulf Coast Claims Facility. *See* Exhibit 3 to Motion to Dismiss at 2, *Allen v. Lyons & Farrar, P.A.*, No. 2:19-CV-30-KS-MTP (S.D. Miss. July 15, 2019), ECF No. 60-3.

In response, Plaintiff claims that Vaksman associated with the Florida Defendants, and, therefore, their knowledge should not be imputed to Plaintiff. *See Bennett*, 52 So. 3d at 370. Plaintiff cites certain notes and correspondence. *See* Exhibits A & B to Supplemental Memorandum, *Allen v. Lyons & Farrar, P.A.*, No. 2:19-CV-30-KS-MTP (S.D. Miss. Aug. 23, 2019), ECF Nos. 72-1, 72-2.

Defendant also notes that Mississippi courts have held that a client can discover legal malpractice before retaining new counsel or becoming "absolutely certain that he had a cause of action . . . ." *Spann v. Diaz*, 987 So. 2d 443, 450 (Miss. 2008); *see also Lehman v. Payne*, 2015 WL 9308609, at *4 (S.D. Miss. Jan. 5, 2015); *Adams v. John M. O'Quinn & Assocs., PLLC*, 2017 WL 1194367, at *6 (S.D. Miss. N.D. Miss. Mar. 30, 2017). Therefore, Defendant argues that Plaintiff should have been aware of the alleged legal malpractice regardless of what his attorneys knew.

Construing the facts in the light most favorable to Plaintiff, the Court can not

5

presently conclude that Plaintiff knew or should have known of the alleged legal malpractice before February 20, 2016. First, there appears to be a factual dispute as to whether Vaksman was associated with the Florida Defendants. The Court will not resolve that question on a 12(b)(6) motion.

Second, Defendants' argument relies upon assumptions regarding what was available to Plaintiff and what Plaintiff (a layman) should have known and when he should have known it. It is noteworthy that two of the three cases cited by Vaksman were resolved on summary judgment, rather than on a 12(b)(6) motion. *See Spann*, 987 So. 2d at 446; *Lehman*, 2015 WL 9308609 at *1. Although *Adams* was resolved on a 12(b)(6) motion, the defendant in that case cited numerous public documents available to the plaintiff. *Adams*, 2017 WL 1194367 at *5-*6. Here, Vaksman relies on a single court order of questionable probative value as to what Plaintiff knew or should have known and when.

For these reasons, the Court denies Defendant's motion with respect to the statute of limitations issue.

### D.     *Arbitration*

Finally, Vaksman argues that the Courts should compel Plaintiff to submit to arbitration in compliance with the retainer agreement's arbitration provision. The Court follows a two-step inquiry to determine whether to compel arbitration. *JP Morgan Chase & Co. v. Conegie*, 492 F.3d 596, 598 (5th Cir. 2007). First, the Court determines "whether the parties agreed to arbitrate the dispute." *Id.* To determine

whether the parties agreed to arbitrate, the Court considers two factors: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.* Then, the Court must determine "whether any federal statute or policy renders the claim nonarbitrable." *Id.*

Construing the facts in the light most favorable to Plaintiff, *Great Lakes Dredge & Dock*, 624 F.3d at 210, the Court can not conclude that there is a valid agreement to arbitrate between the parties. As noted above, Plaintiff denies having executed the retainer agreement attached to Defendant's motion, and a 12(b)(6) motion is not the appropriate mechanism to resolve that factual dispute.

## IV. CONCLUSION

For these reasons, the Court **denies** Defendant Vaksman Law Offices, P.C.'s Motion to Strike [78] and Motion to Dismiss or Compel Arbitration [70]. The Court directs the parties to immediately contact the chambers of the Magistrate Judge to schedule a Case Management Conference.

SO ORDERED AND ADJUDGED this 25th day of November, 2019.

                                  /s/    Keith Starrett
                                      KEITH STARRETT
                            UNITED STATES DISTRICT JUDGE